A97A1273. BOARD OF REGENTS OF THE UNIVERSITY
SYSTEM OF GEORGIA v. RIDDLE.
(493 SE2d 208)

</div>

SMITH, Judge.

Stanley Riddle, individually and as executor of the estate of his mother, Betty Riddle Jensen, brought suit against the Board of Regents of the University System of Georgia, contending that employees of the Board's Medical College of Georgia hospital were negligent in undermedicating Jensen's son, Mark Newsome, and in releasing him from the hospital on a 24-hour pass. Newsome, a chronic paranoid schizophrenic who had exhibited violent propensities, had been admitted to the hospital to correct a low blood count

due to medication for the schizophrenia. He was released on December 24, 1993, to visit his mother for the Christmas holiday. He accompanied his mother to her home, where he assaulted and murdered her. The Board of Regents brings this appeal from the trial court's denial of its motion for judgment on the pleadings.

In its motion for judgment on the pleadings, the Board relied upon OCGA § 50-21-24 (7), enumerating assault and battery as an exception to state liability under the Georgia Tort Claims Act, OCGA § 50-21-20. It also asserted that it had no liability in this case because the actions of the hospital personnel in releasing Newsome on the holiday pass were discretionary. We granted the Board's application for interlocutory appeal to consider whether the trial court erred in denying the Board's motion for judgment on the pleadings. We conclude that this case is controlled in the Board's favor by the decisions in *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70 (456 SE2d 642) (1995) and *Christensen v. State of Ga.*, 219 Ga. App. 10, 13 (6) (464 SE2d 14) (1995), and that those decisions make clear that the Board was entitled to judgment as a matter of law. We therefore reverse the trial court's denial of the Board's motion.

Both *Hutchinson* and *Christensen* presented similar tragic factual circumstances and arguments. In *Hutchinson*, a juvenile who had been adjudicated delinquent was placed in Hutchinson's home as an alternative to institutionalization. The juvenile obtained Hutchinson's loaded gun and shot her. Hutchinson brought suit against DHR, alleging negligence on the part of its employees in placing the juvenile in her home. In *Christensen*, several women brought suit against various state agencies, alleging they were raped in separate attacks by a convicted rapist who had been paroled. The victims alleged negligence of the various agencies in failing to afford the rapist necessary treatment, in paroling him, and in negligently supervising him after parole.

Although the State has waived its sovereign immunity for negligent acts, the waiver is "only to the extent and in the manner provided" by the Act. OCGA § 50-21-23 (b). The State has not waived its immunity for "losses resulting from" assault or battery. OCGA § 50-21-24 (7). In *Hutchinson*, the appellee argued that this exception applied only when the person committing the assault or battery was a state agent. This Court rejected that argument, holding that the exception covers all "losses" that result from an assault or battery, regardless of the identity of the actor committing the assault or battery. Id. at 71. We held that "[t]he focus of the exceptions to liability in OCGA § 50-21-24 (7) is not on the government action taken, but upon the act that produces the loss." Id. at 71-72. In *Hutchinson*, the act that produced the loss was an assault and battery.

*Christensen* followed the holding in *Hutchinson* in rejecting

arguments that the assault and battery exception did not apply when a third party, and not a state employee, commits those torts. *Christensen*, supra at 12-13. We follow it here as well.

We reject Riddle's attempt to distinguish this case from *Hutchinson* and *Christensen* on its facts based upon OCGA § 37-3-4, which provides that "[a]ny physician, psychologist, . . . or any hospital official, agent, or other person employed by a private hospital or at a facility operated by the state, . . . who acts in good faith in compliance with the admission and discharge provisions of this chapter shall be immune from civil or criminal liability for . . . discharge of a patient from a facility." Riddle argues that the hospital employees violated OCGA §§ 37-3-21 and 37-3-22 in releasing Newsome and therefore the question of their good faith, and thus their entitlement to immunity under OCGA § 37-3-4, is a jury issue.

We do not agree. These statutes have no application here because they govern the discharge of voluntary psychiatric patients when their treatment is ended. See OCGA § 37-3-21. Newsome was not "discharged," and his treatment was not terminated. He was simply released temporarily for a holiday.[1]

Because Riddle's loss and that of his mother resulted from Newsome's assault and battery upon his mother, the State has not waived its sovereign immunity. This case is controlled by the decisions in *Hutchinson* and *Christensen*, and the trial court erred in denying the Board's motion for judgment on the pleadings.

*Judgment reversed. Beasley, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED OCTOBER 23, 1997 —

*Thurbert E. Baker, Attorney General, George P. Shingler, Deputy Attorney General, C. Latain Kell, Senior Assistant Attorney General, Patricia Guilday, Assistant Attorney General,* for appellant.

*Glover & Blount, Percy J. Blount, Nancy S. Gentry,* for appellee.

*Cathey & Strain, Dennis T. Cathey, James E. Staples, Jr.,* amici curiae.

---

[1] We reject as well the argument of amici curiae that *Hutchinson* was wrongly decided. Amici characterize other jurisdictions' tort claims acts as "similar" or even "identical" to the Georgia Tort Claims Act. This is incorrect. The jurisdictions from which amici cite decisions do not have statutes that except liability for all "losses" resulting from assault or battery. This distinction was crucial to the decision in *Hutchinson*.

Amici also argue that sovereign immunity is an affirmative defense that must be pled and proved by the State. This is also incorrect under Georgia law. See, e.g., *Dept. of Human Resources v. Poss*, 263 Ga. 347, 348 (1) (434 SE2d 488) (1993).