## A94A0436. DEATON et al. v. DEPARTMENT OF CORRECTIONS.
### (443 SE2d 8)

McMURRAY, Presiding Judge.

Plaintiffs Earl B. Deaton, Sr. and Velma Deaton filed this wrongful death action seeking damages in the amount of the full value of the life of their daughter Darlene. The complaint alleges that Darlene Deaton died after she was struck by a vehicle operated by James Chester while under the influence of alcohol. Plaintiffs also alleged that Chester is a habitual offender with an extensive history of criminal conduct and abuse of alcohol, who was on probation due to a prior criminal offense and subject to supervision of defendant Georgia Department of Corrections at the time of his fatal encounter with Darlene Deaton. Plaintiffs maintain that their daughter's death occurred due to the negligence and gross negligence of defendant in supervising Chester's probation.

Defendant moved to dismiss plaintiffs' claim against it. The motion to dismiss, based upon sovereign immunity, was granted and plaintiffs appeal. *Held:*

Since Darlene Deaton's death occurred in 1990, plaintiffs rely upon the provision of the 1983 Georgia Constitution in force at that

time and prior to the 1991 amendment to Art. I, Sec. II, Par. IX of the Constitution of Georgia. Thus, reliance is placed on the former provision for a waiver of sovereign immunity to the extent of applicable liability insurance.

In this appeal, plaintiffs have not contended that defendant maintained any insurance so as to effect a waiver of sovereign immunity, but rely entirely upon the existence of a liability self-insurance trust fund which provides insurance for state employees. Under the decisions in *Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) and *Martin v. Ga. Dept. of Pub. Safety*, 257 Ga. 300, 301 (2) (357 SE2d 569), it is made clear that under the 1983 Constitution, the State's defense of sovereign immunity is waived to the extent of such employee's insurance. However, it is equally clear upon review of a motion for reconsideration in *Price* at 537, that "a waiver depends upon the presence of a claim in the action for which liability insurance protection has been provided . . ." and that "if no employee is made a party defendant there will be no waiver. . . ." No employee of defendant is a party to this action, therefore, there is no waiver of sovereign immunity and plaintiffs' appeal lacks merit.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED MARCH 28, 1994.

*John R. Gaughen*, for appellants.
*Michael J. Bowers, Attorney General, John C. Jones, Daryl A. Robinson, Senior Assistant Attorneys General, Downey, Cleveland, Parker & Williams, Joseph C. Parker*, for appellee.