A94A2814. DEPARTMENT OF HUMAN RESOURCES et al.
v. HUTCHINSON.
(456 SE2d 642)

BEASLEY, Chief Judge.

A juvenile was declared delinquent and committed to the custody of the Department of Human Resources ("Department"), whereupon a screening committee determined that noninstitutional placement would be appropriate and placed him in a group home. He was removed from the home after being accused of taking the house parent's car keys. He was eventually placed in a "contract home" operated by Hutchinson, which was considered an alternative to institutional placement. She kept a loaded handgun under her mattress, which the juvenile found and used to shoot Hutchinson.

She sued the Department, alleging that it was negligent and consciously indifferent to her safety in placing the juvenile in her home and in failing to warn her of the juvenile's violent propensities. The Department moved for summary judgment, claiming sovereign immunity from suit because: (1) the act of placing the offender in Hutchin-

son's home was discretionary; and (2) Hutchinson's injury resulted from an assault and battery. The court denied the motion and issued a certificate of immediate review. Interlocutory appeal was permitted.

1. We first address the Department's claim of sovereign immunity from suit on claims arising from assault or battery.

In the 1992 Georgia Tort Claims Act, OCGA § 50-21-20 et seq. ("Act"), the State waived "its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment . . . subject to all exceptions and limitations set forth in [the Act]." OCGA § 50-21-23 (a). See also OCGA § 50-21-21 (a). The parties do not dispute that all the acts for which Hutchinson would hold the Department liable were committed within the scope of the official duties of state employees or officials, that Hutchinson's injury was the result of the juvenile offender's act, and that his act constitutes a tortious battery, or assault and battery. See OCGA §§ 51-1-13; 51-1-14; *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264, 265 (1) (387 SE2d 593) (1989).

An exception to liability addresses acts of assault or battery: "The state shall have no liability for losses resulting from . . . [a]ssault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, or interference with contractual rights." OCGA § 50-21-24 (7). Hutchinson argues that OCGA § 50-21-24 (7) only provides an exception to liability if a state officer or employee commits one of the listed torts. Whether the State is liable if the tort was committed by a third person is a matter of first impression.[1]

"The doctrine of sovereign immunity requires that the conditions and limitations of the statute that waives immunity be strictly followed. [Cits.]" *Ingalls Iron Works Co. v. Blackmon*, 133 Ga. App. 164, 165 (210 SE2d 377) (1974). Applying this rule of statutory construction, the exception to the waiver of immunity covers any and all losses resulting from the torts enumerated in OCGA § 50-21-24 (7), regardless of who committed them. The language used does not provide any limitation on the status of the person committing an OCGA § 50-21-24 (7) tort; it provides instead that "[t]he state shall have no liability for *losses resulting from*" the enumerated torts. (Emphasis supplied.) "Loss" is extensively defined in OCGA § 50-21-22 (3) and includes "any . . . element of actual damages recoverable in actions for negligence." The focus of the exceptions to liability in OCGA § 50-21-24 (7) is not on the government action taken, but upon the act

---

[1] The parties are also in disagreement about whether a 1994 amendment to OCGA § 50-21-22 (7), including "foster parents and foster children" in the definition of "state officer or employee" applies to this case. Because of our analysis of the exception to waiver set forth in OCGA § 50-21-24 (7), we need not address this issue.

that produces the loss. Here, the government action taken, placing the juvenile in Hutchinson's home, itself produced no loss to her; it was the juvenile's independent tort, one specified in OCGA § 50-21-24 (7), that resulted in Hutchinson's injury and damages.

Other subsections of OCGA § 50-21-24 also reveal that the exceptions in subsection (7) are not intended to apply to losses resulting from specified torts only when those torts are committed by state employees or officials. Two subsections specifically except liability for losses resulting from certain acts by "a state officer or employee." OCGA § 50-21-24 (1), (2).

The inclusion of these words gives the exceptions in subsections (1) and (2) the narrowness Hutchinson urges for subsection (7). Hutchinson would have us add a limiting phrase into a subsection when the legislature, faced with a choice, did not do so. "[A] statute shall be construed so as to give full force and effect to all of its provisions and so as to reconcile any apparent conflicts. [Cits.]" *Head v. H. J. Russell Constr. Co.*, 152 Ga. App. 864, 865 (264 SE2d 313) (1980). The interpretation Hutchinson advocates does not reconcile the various subparts of OCGA § 50-21-24.

The omission of any reference to "state officer or employee" from OCGA § 50-21-24 (7) also " 'invites the application of the venerable principle of statutory construction *expressio unius est exclusio alterius*: the express mention of one thing implies the exclusion of another; or the similar maxim more usually applied to statutes, *expressum facit cessare tacitum*, which means that if some things (of many) are expressly mentioned, the inference is stronger that those omitted are intended to be excluded than if none at all had been mentioned. (Cit.)' [Cit.]" *State v. Peters*, 213 Ga. App. 352, 355 (444 SE2d 609) (1994). The omission of any such reference from OCGA § 50-21-24 (7) must be regarded as deliberate.

Finally, " '[i]t is elementary that "(i)n all interpretations of statutes, the courts shall look diligently for the intention of the (legislature)." OCGA § 1-3-1[,]' [cit.][, which] is determined from a consideration of the entire statute." *Restina v. Crawford*, 205 Ga. App. 887, 888 (424 SE2d 79) (1992). This confirms the conclusion that the legislature did not intend to waive immunity for any loss resulting from a tort specified in OCGA § 50-21-24 (7), regardless of who committed it.

The construction that Hutchinson advocates would either render absurd subsection (6), which provides that the State will not be liable for losses resulting from "[c]ivil disturbance, riot, insurrection, or rebellion . . . ," or require that OCGA § 50-21-24 be analyzed inconsistently within its subsections. Applying Hutchinson's construction to subsection (6) would make the State liable for any losses due to riot or insurrection except when state employees or officials are the persons engaging in riot or insurrection. We decline such a construction

and decline to apply a different analysis to subsection (7) than would be applied to subsection (6). The legislature intended in both subsections (6) and (7) to preserve the immunity for *losses* that result from intentional acts. Whether these acts are civil insurrection, slander committed by a state employee or, as here, battery committed by one placed into the State's custody, the result is the same; the State's immunity is not waived.

It was error to deny summary judgment to the Department.

2. The Department's other enumeration of error, concerning OCGA § 50-21-24 (2), (4), and (5) and immunity for discretionary functions, is moot.

*Judgment reversed. Andrews and Johnson, JJ., concur.*

DECIDED MARCH 15, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995 — 

*Michael J. Bowers, Attorney General, William C. Joy, Carol A. Cosgrove, Senior Assistant Attorneys General, Cynthia H. Frank, Assistant Attorney General, Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick,* for appellants.

*Robert C. Harper, Tinkler & Groff, William P. Tinkler, Jr., Deana L. Simon,* for appellee.