A95A0985. CHRISTENSEN et al. v. STATE OF GEORGIA et al.
(464 SE2d 14)

JOHNSON, Judge.

On May 20, 1994, Oda Christensen, Nora Sue Norris, and Kathyanne Piselli brought suit under the Georgia Tort Claims Act, OCGA § 50-21-20 et seq., against the State of Georgia, Department of Corrections (DOC), the State Board of Pardons & Paroles ("parole board"), the Department of Human Resources (DHR), and Georgia Mental Health Institute (GMHI). Christensen, Norris, and Piselli (to whom we will collectively refer as "plaintiffs") alleged in their complaint that they were raped and assaulted, in separate attacks occurring in July and August 1991, by convicted rapist Gary Zachary, who was paroled on August 13, 1990. For the purposes of this opinion, we accept as true the allegations that Zachary committed these offenses against plaintiffs. In this complaint, the plaintiffs alleged gross negligence, recklessness, and wilful and wanton acts and omissions by the state entities. Specifically, they claimed that: (1) the parole board released Zachary without first placing him into a transitional program and then negligently supervised him during his parole; (2) DOC failed to provide Zachary with necessary medical, psychological, and psychiatric treatment and negligently supervised Zachary during his parole; and (3) DHR and GMHI denied Zachary's request for emergency

medical and psychiatric treatment. The State, the parole board, and DOC filed one motion to dismiss, and DHR and GMHI filed a separate motion to dismiss. The trial court granted both motions, concluding as a matter of law that the complaint should be dismissed in its entirety for failure to state a claim upon which relief may be granted.

1. Plaintiffs contend the trial court erred in denying their motion to strike the answer of DHR and GMHI. They also claim the court should have entered a default judgment against the same two entities. They base their argument on the fact that the complaint was filed on May 20, 1994, and DHR and GMHI did not respond until August 1, 1994. They insist that because the answer was not timely, they were entitled to a default judgment pursuant to OCGA § 9-11-55 (a). The trial court rejected this reasoning because it determined that plaintiffs could not show that the director of the Department of Risk Management had been served as required by OCGA § 50-21-35. Indeed, plaintiffs presented evidence that only the deputy administrator and not the director had been served. The trial court correctly concluded that because OCGA § 50-21-35 had not been satisfied, the time for DHR and GMHI's answer had not commenced running and their answer and motion to dismiss filed on August 1, 1994, were timely.

2. Plaintiffs claim the court erred in ruling on their motions to strike the answer of DHR and GMHI and for entry of default judgment before the plaintiffs' time to respond to DHR and GMHI's response to said motions expired. Because, as discussed above, the court properly refused to strike the answer and enter default judgment, this enumeration is without merit.

3. Likewise, in light of our holding in Division 1 that DHR and GMHI's motion to dismiss was timely, we reject plaintiffs' arguments that the motion to dismiss was a nullity and that the trial court lacked authority to consider and rule on the motion.

4. Plaintiffs contend that because the trial court considered matters outside the pleadings in deciding DHR and GMHI's motion to dismiss, it should have treated the motion as one for summary judgment and granted their request for a hearing before deciding the motion. Plaintiffs are partially correct. When the trial court considers matters outside the original pleadings, a motion to dismiss must be treated as a motion for summary judgment. *Brooks v. Boykin*, 194 Ga. App. 854, 855 (1) (392 SE2d 46) (1990). In converting a motion to dismiss into one for summary judgment, the court must give the parties an opportunity for a hearing as required by OCGA § 9-11-56. See *Bonner v. Fox*, 204 Ga. App. 666, 667 (420 SE2d 312) (1992). In the instant case, the trial court considered evidence submitted by DHR and GMHI with their motion to dismiss and found that Zachary had neither been evaluated nor admitted as a patient at GMHI. By considering this evidence, the court was required to treat the motion to

dismiss as one for summary judgment, and it should have provided plaintiffs with the opportunity for a hearing. However, the error is not reversible absent a showing of harm. *Sentry Ins. &c. v. Echols*, 174 Ga. App. 541, 542 (1) (330 SE2d 725) (1985). "[Plaintiffs have] made no claim that there would have been any addition to the record or that a hearing would have changed the state of the record in any way. There has been no assertion that any briefs, affidavits, or other supporting documentation would have been filed . . . prior to the day of [the] hearing. Thus, even though [plaintiffs assert] harm as a result of the substantive ruling on [defendants'] motion, [they have] offered nothing to suggest that that ruling would have been any different if a hearing had been held." (Citations and punctuation omitted.) Id. at 542-543 (1). Plaintiffs having shown no harm in being denied a hearing on the motion, no reversal is required. *Premium Dist. Co. v. Nat. Dist. Co.*, 157 Ga. App. 666, 670 (2) (278 SE2d 468) (1981).

5. Plaintiffs assert that the trial court erred in deciding they lacked standing to challenge any alleged lack of mental health treatment or parole supervision given to Zachary by DOC, DHR, and GMHI. We agree with the trial court that plaintiffs lacked standing as to such claims.

As noted by the trial court, "a particular remedy is not available to a party who has no entitlement to the right sought to be secured." *Ragsdale v. New England Land &c. Corp.*, 250 Ga. 233, 234 (1) (297 SE2d 31) (1982). "[I]n order to maintain an action challenging . . . an administrative action, . . . the plaintiff must show that interest or rights of such complaining party are affected by the . . . action of the agency. The simple existence of an adverse effect on the appellants is not in itself sufficient. Appellants must also show that it is the feature of the . . . administrative action which they seek to attack that was the direct cause of the injury." (Citations and punctuation omitted.) *Davis v. Jackson*, 239 Ga. 262, 264-265 (236 SE2d 613) (1977). Plaintiffs cannot maintain an action challenging Zachary's medical treatment by the named state agencies because they cannot show that the agencies' acts or omissions in treating Zachary were the exact cause of their injuries. Instead, the uncontroverted evidence shows their injuries were caused by Zachary's criminal acts.

Plaintiffs' argument that they have standing under *Swofford v. Cooper*, 184 Ga. App. 50 (360 SE2d 624) (1987), is misplaced. *Swofford* does not even address the question of standing. Moreover, the plaintiffs in *Swofford* sued the psychiatrist, not the State or any of its agencies.

6. Plaintiffs assert that the trial court erred in concluding that regardless of whether anyone on GMHI's staff ever evaluated Zachary, GMHI would be immune from liability. However, contrary to plaintiffs' arguments, both GMHI and DHR indeed receive immu-

nity under the assault and battery as well as the discretionary functions exceptions to the Georgia Tort Claims Act.

OCGA § 50-21-24 (7) provides: "The state shall have no liability for losses resulting from . . . [a]ssault [or] battery. . . ." Plaintiffs argue that the assault and battery exception applies only where a state employee commits the assault or battery. But we rejected this construction of OCGA § 50-21-24 (7) in *Ga. Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70 (456 SE2d 642) (1995), where a victim of a shooting by a juvenile who had been placed in the victim's home by the state attempted to hold DHR responsible for her injuries. *Hutchinson* made plain that this immunity provision does not require that the state employee be the person committing the assault or battery. Id. at 71-73 (1). Likewise, OCGA § 50-21-24 (2) provides: "The state shall have no liability for losses resulting from . . . [t]he exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved is abused." Even assuming that GMHI had wrongfully denied Zachary emergency medical or psychiatric treatment as plaintiffs allege, such conduct would be insulated by this section of the Georgia Tort Claims Act. A hospital employee's decision in connection with admission or discharge of a patient is a discretionary act cloaked with immunity. See *Roberts v. Grigsby*, 177 Ga. App. 377, 379 (2) (339 SE2d 633) (1985). As we stated in *Roberts*, "[l]ike prison officials or probation officers, [hospital employees] clearly enjoy a qualified immunity" from liability to the public for claims arising from the performance of official governmental functions. Id. at 378 (1).

7. Plaintiffs contend the trial court erred in stating that the parole board's decision to release Zachary was a quasi-judicial act immune from liability pursuant to OCGA § 50-21-24 (4) of the Georgia Tort Claims Act. We agree with the court's conclusion that the parole board is immune, although not based upon the Tort Claims Act. Zachary was released on parole on August 13, 1990, before the Georgia Tort Claims Act was enacted. Therefore, the plaintiffs' claims against the parole board must rely upon the provisions of the Georgia Constitution in force at that time and prior to the 1990 amendment to Art. I, Sec. II, Par. IX to Georgia's Constitution. Under these standards, the State waived its sovereign immunity only to the extent of applicable liability insurance. It appears that the only liability insurance maintained by the State is a liability self-insurance trust fund which provides liability insurance for state employees. We have previously noted that a waiver of immunity "depends upon the presence of a claim in the action for which liability insurance protection has been provided and that if no employee is made a party defendant there will be no waiver." (Citation and punctuation omitted.) *Deaton v. Dept.*

*of Corrections*, 212 Ga. App. 612 (443 SE2d 8) (1994). Since plaintiffs failed to name any parole board employee as a defendant, there was no waiver of sovereign immunity, and the trial court properly dismissed all claims against that agency.

It is important to note that even if an employee had been made a party, we would find immunity. Even before the Georgia Tort Claims Act specified an exception for discretionary acts of public officials (OCGA § 50-21-24 (2)), this Court recognized such an exception. It was well established that "where an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is sometimes called a quasi-judicial officer, and when so acting he is usually given immunity from liability to persons who may be injured as the result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and without wilfulness, malice, or corruption." (Citation, punctuation, and emphasis omitted.) *Partain v. Maddox*, 131 Ga. App. 778, 782 (1) (206 SE2d 618) (1974). Discretionary acts are those calling for the exercise of personal deliberation and judgment, which entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). "Absent evidence of malice, wilfulness, or corruption, a public officer is afforded immunity from liability to those who may be injured by the exercise of his discretion in the performance of his official duties. [Cit.]" *McDay v. City of Atlanta*, 204 Ga. App. 621, 622 (2) (420 SE2d 75) (1992). Decisions of the parole board officials concerning who should be paroled, when, and under what circumstances clearly involve the exercise of personal deliberation and judgment and fall within the ambit of discretionary acts. The parole board officials would, therefore, be afforded immunity.

8. Plaintiffs also claim the trial court erred in ruling that the state entities did not owe them any duty beyond the duty to protect the general public. They argue that the state agencies had a duty to exercise reasonable care to control Zachary so as to prevent him from harming others. However, they give no indication as to how the agencies reasonably could have controlled Zachary's actions. Nor do plaintiffs cite any authority supporting their argument that DOC, the parole board, DHR, or GMHI has a duty to protect the public from parolees under their supervision. Even assuming, without deciding, that the agencies had such a duty, in addition to the standing and immunity problems addressed above, plaintiffs cannot overcome causation problems. Any breach of an alleged duty by state agencies was not the cause of the plaintiffs' injuries. Their injuries were directly and proximately caused by the criminal acts committed by Zachary.

9. Because of our discussion in Divisions 5 and 6 that DHR and GMHI had immunity and the plaintiffs lacked standing to challenge

Zachary's treatment, we need not address the merits of the plaintiffs' claim that the trial court erroneously considered DHR and GMHI's evidence that Zachary had never been a patient or evaluated for treatment by GMHI.

10. Finally, the trial court's dismissal of the State as a defendant was not error because following the dismissal of all the separate state agency defendants, no basis remained by which the State could have been held liable.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 3, 1995.

*John F. Nebl*, for appellants.

*Michael J. Bowers, Attorney General, William C. Joy, Carol A. Cosgrove, John C. Jones, Daryl A. Robinson, Senior Assistant Attorneys General*, for appellees.