A98A2063. CARY et al. v. DEPARTMENT OF CHILDREN & YOUTH SERVICES.
(508 SE2d 469)

Judge Harold R. Banke.

Justin Wade Cary and his mother, Nancy Sue Cary, sued the Georgia Department of Children & Youth Services ("DCYS") alleging negligent supervision and intentional infliction of emotional distress under the Georgia Tort Claims Act and 42 USC § 1983. The Carys appeal the trial court's order granting DCYS's motion for summary judgment, enumerating two errors.

This case arose after Rhonda Lathem, a secretary/typist with DCYS and a part-time county juvenile court intake officer, developed an "inappropriate relationship" with Justin Wade Cary, who was then 15 years old and on probation. According to Cary, the relationship escalated from Lathem offering him attention to gifts and sex. Lathem permitted Cary to spend nights at her home and arranged for certain charges against him to be dropped. Ultimately, Justin Cary was incarcerated as an adult for numerous felonies, and Lathem was discharged.

Justin Cary and his mother then brought this action, claiming that by breaching its duty to supervise both Justin Cary and its own employees, DCYS victimized Justin Cary and caused emotional distress to him and his mother. The trial court premised summary judgment on sovereign immunity and a finding that DCYS was not a person within the meaning of § 1983.[1] *Held*:

1. The Carys contend that the trial court erred in determining that because Lathem's actions did not fall within the scope of her employment, sovereign immunity was not waived. We disagree.

"In the exercise of its constitutional authority to waive the defense of sovereign immunity, the General Assembly has enacted the Georgia Tort Claims Act (GTCA). OCGA § 50-21-20 et seq." *Woodard v. Laurens County*, 265 Ga. 404, 405 (1) (456 SE2d 581) (1995). But the waiver of the State's sovereign immunity for the torts of its officers and employees does not extend to losses resulting from conduct which was "not within the scope of their official duties or employment." OCGA § 50-21-23 (a); see *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 71 (1) (456 SE2d 642) (1995) (the condi-

---

[1] The ruling on the § 1983 was not appealed.

tions and limitations of this provision must be strictly followed).

It is undisputed that DCYS employed Lathem as a secretary/typist, a position with no duties involving case management supervision. Nothing in the record suggests in any way that the physical, personal, or legal arrangements Lathem purportedly made for Justin Cary were within the scope of her employment as a secretary/typist for DCYS. Accordingly, we cannot say that the Carys satisfied their burden of demonstrating a waiver of sovereign immunity. *Rhoden v. Dept. of Pub. Safety*, 221 Ga. App. 844, 846 (1) (473 SE2d 537) (1996).

In addition to the immunity bar, these claims fail because the alleged breach of duty by DCYS was not the cause of the Carys' injuries. The record clearly shows that Justin Cary's own actions were the cause of his incarceration and the emotional pain suffered by him and his mother. See *Christensen v. State of Ga.*, 219 Ga. App. 10, 14 (8) (464 SE2d 14) (1995). Testimony by Justin Cary's former probation officer that he was unsure about DCYS policy, but that no action had been taken when another employee permitted a deprived child with nowhere else to stay to sleep at his home does not alter the fact that Lathem's actions were clearly beyond the scope of her official duties. Further, the record shows that the employee who purportedly allowed the child to stay at his house was a court service worker who had different official duties from a secretary/typist.

2. In light of our disposition of Division 1, we need not reach the Carys' contention that supervision of Justin Cary's probation was a ministerial function falling within the exceptions to the State's waiver of sovereign immunity.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 3, 1998.

*Flint & Sumner, John F. Connolly*, for appellants.

*Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Harman, Owen, Saunders & Sweeney, David C. Will*, for appellee.