## A98A1711. GEORGIA MILITARY COLLEGE v. SANTAMORENA.
### (514 SE2d 82)

RUFFIN, Judge.

Yasmin Santamorena, individually and as next friend of her daughter, H. S., a minor, sued Georgia Military College (GMC) for negligence and violation of the public duty doctrine, alleging that GMC was responsible for the rape of H. S. by a fellow student on GMC's premises. GMC moved to dismiss plaintiff's complaint, arguing that plaintiff's claims were barred by sovereign immunity. The trial court denied GMC's motion, and we granted GMC's application for interlocutory appeal. Because plaintiff's suit is barred by the doctrine of sovereign immunity, we reverse.

"A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of [her] claim." *Croxton v. MSC Holding*, 227 Ga. App. 179, 180 (489 SE2d 77) (1997). Our review is de novo. Id.

In her complaint, plaintiff alleges that in August 1995, H. S., then age 13, was enrolled as a freshman in the high school program at GMC. Before her admission, H. S.' parents made repeated inquiries regarding their daughter's safety. Plaintiff claims that school officials, including Major Walter Banks, assured her that H. S. would be adequately supervised and safeguarded. Specifically, Major Banks advised that he and his wife lived in a unit near H. S., and that an adult supervisor would be assigned to H. S.' barracks and would be available "at all times."

According to plaintiff, when she arrived with her family at GMC on August 13, 1995, she learned that only one other high school age female would be living on campus and that she would be H. S.' roommate. During that same visit, plaintiff alleges that Major Banks showed her H. S.' room, which was located near his own quarters. When H. S.' parents expressed concern that the observation window in the room's door was painted black, Major Banks assured them that the paint would be removed and replaced with a piece of sliding cardboard. Major Banks explained that a security person would be stationed between the dormitory's two wings and that any persons

attempting to enter H. S.' wing would be screened. Plaintiff also claims that Major Banks described a "bed-check procedure" wherein high school students were confined to their rooms at 10:00 p.m. Since school policy required new students to remain on campus for their first four weeks, plaintiff alleges that H. S. was in GMC's custody twenty-four hours a day, seven days a week during this time period.

According to the complaint, GMC performed bed checks only during H. S.' first week on campus. In addition, a week after H. S. arrived, and without her parents' knowledge, H. S. and her roommate were moved to the opposite wing of the barracks, a substantial distance from Banks, where no school personnel or other students lived. The observation window in the door of the new room had "a wooden block nailed from both the inside and outside, preventing the occupants from being able to visually identify persons knocking on the door."

Thereafter, on September 1, 1995, at approximately 10:00 p.m., H. S. was raped by a 19-year-old GMC student in her room. Plaintiff alleges that no one performed a bed check on the evening of the rape; that the supervisor for the main barracks and the female hall was not on campus at the time; and that no supervisory female was assigned in her place.

1. GMC contends that the trial court erred in denying its motion to dismiss, because plaintiff's claim for negligence under the Georgia Tort Claims Act (GTCA) is barred by the doctrine of sovereign immunity. In addition, GMC asserts that plaintiff's claim under the public duty doctrine is barred because that doctrine applies only to cases involving police protection. We address each of plaintiff's claims in turn.

(a) *Doctrine of sovereign immunity.* The Georgia General Assembly established GMC to "be a state-wide institution dedicated to providing a high-quality military education to the youth of this state." OCGA § 20-3-560. As a state institution, GMC is entitled to sovereign immunity except to the extent sovereign immunity has been waived. See *Holloway v. Rogers*, 181 Ga. App. 11, 12-13 (1) (351 SE2d 240) (1986) (Georgia Academy for the Blind entitled to sovereign immunity). Plaintiff contends that GMC may be sued under the GTCA, OCGA § 50-21-20 et seq., which sets forth a limited waiver of sovereign immunity. See OCGA § 50-21-23. However, the legislature carved out an exception to this limited waiver in OCGA § 50-21-24 (7), which provides that "[t]he state shall have no liability for losses resulting from . . . [a]ssault [and] battery." This exception to the waiver of sovereign immunity has been held to apply in rape cases. See *Christensen v. State of Ga.*, 219 Ga. App. 10 (464 SE2d 14) (1995). Plaintiff argues that OCGA § 50-21-24 (7) does not bar her claim because it is based not upon the rape, which she describes as "inci-

dental," but upon the breach of the affirmative duty GMC undertook to protect H. S. while she was in its care. We do not agree.

> The doctrine of sovereign immunity requires that the conditions and limitations of the statute that waives immunity be strictly followed. Applying this rule of statutory construction, the exception to the waiver of immunity covers any and all *losses resulting from* the torts enumerated in OCGA § 50-21-24 (7), regardless of who committed them.

(Citations and punctuation omitted; emphasis supplied.) *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 71 (1) (456 SE2d 642) (1995). In *Hutchinson*, a juvenile who had been declared delinquent shot his foster parent after being placed in her home by the Department of Human Resources (DHR). The parent sued DHR, "alleging that it was negligent and consciously indifferent to her safety in placing the juvenile in her home and in failing to warn her of the juvenile's violent propensities." Id. at 70. In holding that sovereign immunity barred the claim, we explained that

> "[l]oss" is extensively defined in OCGA § 50-21-22 (3) and includes "any . . . element of actual damages recoverable in actions for negligence." The focus of the exceptions to liability in OCGA § 50-21-24 (7) is not on the government action taken [or, in this case, on the actions GMC did *not* take], but upon the act that produces the loss.

Id. at 71-72. In *Hutchinson*, "the government action taken, placing the juvenile in Hutchinson's home, itself produced no loss to her; it was the juvenile's independent tort, one specified in OCGA § 50-21-24 (7), that resulted in Hutchinson's injury and damages." Id. at 72. Likewise, in the present case, GMC's actions and omissions themselves produced no loss to H. S.; it was the other student's independent tort that resulted in her injury and damages. Because her *losses* stem from the rape, we find that GMC is not subject to liability under the GTCA. See id.; *Christensen*, supra; OCGA § 50-21-24 (7); see also *Sherin v. Dept. of Human Resources*, 229 Ga. App. 621, 625 (4) (494 SE2d 518) (1997).

Plaintiff cites several federal cases construing the Federal Tort Claims Act (FTCA) for the proposition that the assault and battery exception should not apply given the special relationship between H. S. and the State. However, plaintiff's reliance on these cases is misplaced, as those cases are based upon language in the FTCA that differs from the GTCA. The FTCA provides that its waiver of sovereign immunity "shall not apply to . . . *[a]ny claim arising out of* assault [or] battery." (Emphasis supplied.) 28 USC § 2680 (h). Thus, the

FTCA focuses not on the act causing plaintiff's loss, but on the nature of plaintiff's claim.

For instance, plaintiff cites *Doe v. United States*, 838 F2d 220 (7th Cir. 1988), in which parents sued to recover for injuries their children sustained when they were sexually molested while under the care of Scott Air Force Base Day Care Center. Id. at 221. There, the Court held that

> [w]here the government affirmatively assumes a duty to the victim prior to the assault, and the government breaches that duty causing injury to the victim, we cannot say that her claim *arises out of* the assault. Rather, it *arises out of* the breach of that affirmative duty. The occurrence of the actual assault and battery thus serves only to establish the extent of the plaintiff's injury, not to establish the government's breach of duty.

(Punctuation omitted; emphasis supplied and omitted.) Id. at 223.

In construing the phrase "any claim arising out of assault [or] battery," *Doe* focused on the duty allegedly breached by the government, and therefore not on the act causing the plaintiff's loss. In contrast, under the GTCA, we do not look at the duty allegedly breached by the government, but focus on the act causing the plaintiff's loss. See *Hutchinson*, supra. As this Court explained in *Rhoden v. Dept. of Public Safety*, 221 Ga. App. 844, 845 (1) (473 SE2d 537) (1996), plaintiffs cannot "attempt to circumvent the General Assembly's specific refusal to waive the State's sovereign immunity for the intentional torts enumerated under OCGA § 50-21-24 (7) by alleging negligence." Id. Here, "[a]ny alleged *losses* arising from [the State's alleged acts and omissions] were caused by the intentional acts alleged[, i.e., the rape], not negligence. The State has no liability for such losses." Id.

(b) *Public duty doctrine*. Plaintiff also attempts to avoid the bar of sovereign immunity by arguing that GMC's actions constitute a violation of the "public duty doctrine." However, the Supreme Court in *Hamilton v. Cannon*, 267 Ga. 655, 656 (1) (482 SE2d 370) (1997) expressly held that "the public duty doctrine . . . does not apply outside the police protection context." Because this case does not involve police protection, the public duty doctrine is inapplicable. See *Dollar v. Dalton Public Schools*, 233 Ga. App. 827, 828 (1) (c) (505 SE2d 789) (1998); *Queen v. City of Douglasville*, 232 Ga. App. 68, 70 (2) (500 SE2d 918) (1998).

2. Because of our holding in Division 1, GMC's remaining enumeration concerning punitive damages under the GTCA is rendered moot.

*Judgment reversed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED MARCH 17, 1999 —

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, John C. Jones, Carol A. Cosgrove, Senior Assistant Attorneys General*, for appellant.

*Schulten, Ward & Turner, David L. Turner*, for appellee.