## A02A2384. ARDIZONNE v. DEPARTMENT OF HUMAN RESOURCES et al.
### (575 SE2d 738)

BLACKBURN, Chief Judge.

In this action regarding the allegedly negligent treatment of a mental patient, Jerry Robert Ardizonne, as administrator of the estate of Thomas M. Donofrio, Sr., appeals the trial court's dismissal of his complaint against appellees Georgia Department of Human Resources, Georgia Regional Hospital, and GRN Community Service Board d/b/a the Buford Mental Health Center, arguing that appellees are not excepted from liability for murder under the Georgia Tort Claims Act, OCGA § 50-21-24 (7). Finding no merit in this argument, we affirm.

"A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of [his] claim. Our review is de novo." (Citation and punctuation omitted.) *Ga. Military College v. Santamorena*.[1]

Thomas M. Donofrio, Jr. was involuntarily admitted as a patient to Georgia Regional Hospital as the result of a commitment proceeding. In September 1999, he was released from supervision and began receiving outpatient services from Buford Mental Health Center. On March 1, 2000, Donofrio shot and killed his mother, shot his father, Thomas Donofrio, Sr., and committed suicide. The senior Donofrio died from the gunshot wounds on March 14, 2000.

Ardizonne, as the administrator of the estate of Thomas Dono-

---

[1] *Ga. Military College v. Santamorena*, 237 Ga. App. 58 (514 SE2d 82) (1999).

frio, Sr., filed suit against the appellees, alleging failure to exercise control over Thomas Donofrio, Jr., and assault and aggravated assault. Appellees filed their respective answers, and appellees all moved to dismiss, relying on OCGA § 50-21-24 (7), which enumerates assault and battery as an exception to State liability under the Georgia Tort Claims Act, OCGA § 50-21-20. After oral argument, the trial court ordered that Ardizonne's case be dismissed on the ground that appellees were entitled to sovereign immunity for civil actions arising out of the torts of assault and battery as identified in OCGA § 50-21-24 (7).

In a single enumeration of error, Ardizonne argues that his complaint should not have been dismissed because the loss of which he complained was the result of an action involving a murder, and the legislature did not intend to include the action of murder under the definition of assault and/or battery in OCGA § 50-21-24 (7). We disagree.

"Although the State has waived its sovereign immunity for negligent acts, the waiver is 'only to the extent and in the manner provided' by the Act. OCGA § 50-21-23 (b). The State has not waived its immunity for 'losses resulting from' assault or battery. OCGA § 50-21-24 (7)." *Bd. of Regents &c. of Ga. v. Riddle*.[2]

In addition, "the torts of assault and battery are broad enough to include numerous acts which, if prosecuted criminally, would be characterized as aggravated assault, child molestation, rape, and even murder." *Dept. of Human Resources v. Coley*.[3] See also *Satilla Community Svc. Bd. v. Satilla Health Svcs.*[4] (holding that defendant was "entitled to summary judgment as to any tort theory of contribution and implied indemnity for a tort in the nature of an assault and battery, including murder").

In determining whether the exception set forth in OCGA § 50-21-24 (7) applies, therefore, the focus is not on "the government action taken" or "the duty allegedly breached by the government," but on the act causing the underlying loss, and it is not necessary that such act have been committed by a state officer or employee. In this case, it is apparent that the act allegedly causing the underlying loss — i.e., the [shooting of Thomas Donofrio, Sr.] — constitutes an assault or battery within the meaning of the exception. Accordingly, the exception to the waiver of sovereign

---

[2] *Bd. of Regents &c. of Ga. v. Riddle*, 229 Ga. App. 15, 16 (493 SE2d 208) (1997).
[3] *Dept. of Human Resources v. Coley*, 247 Ga. App. 392, 398 (3) (544 SE2d 165) (2000).
[4] *Satilla Community Svc. Bd. v. Satilla Health Svcs.*, 251 Ga. App..881, 883 (1) (a) (555 SE2d 188) (2001).

immunity applies, and the trial court [did not err in granting appellees' motions] to dismiss.

(Citation omitted.) *Dept. of Human Resources v. Coley*, supra at 394 (1).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED DECEMBER 13, 2002

*Eastman & Apolinsky, Stephen D. Apolinsky*, for appellant.
*Thurbert E. Baker, Attorney General, Reagan W. Dean, Assistant Attorney General, Carlock, Copeland, Semler & Stair, Adam L. Appel, Kimberly N. Royal*, for appellees.