## A03A2437. OCONEE COMMUNITY SERVICE BOARD
### v. HOLSEY et al.
(597 SE2d 489)

RUFFIN, Presiding Judge.

While residing in a community home operated by the Oconee Community Service Board ("OCSB"), Lucy Holsey was stabbed to death by her housemate, Mary Ann Williams. Lucy's mother, Georgia Holsey, and the administrator of Lucy's estate (collectively, "the Holseys") sued OCSB and others for Lucy's wrongful death. Specifically, the Holseys claimed that OCSB negligently placed Williams, who had a history of mental illness, in the community home without proper treatment or supervision, resulting in Lucy's death. OCSB moved to dismiss the Holseys' claims against it on sovereign immunity grounds. Although the trial court denied the motion, it issued a certificate of immediate review, and we granted OCSB's application for interlocutory appeal. For reasons that follow, we reverse.

"A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of [his or her] claim."[1] We review a trial court's ruling on a motion to dismiss de novo, viewing all allegations in the complaint as true.[2]

Construed in this manner, the record shows that OCSB is a public agency organized pursuant to OCGA § 37-2-1 et seq. to provide community mental health, developmental disability, and addictive disease services to Georgia citizens.[3] Both Lucy, who was blind, mentally retarded, and suffering from cerebral palsy, and Williams came under the care and treatment of the Oconee Center, which is operated by OCSB. In 1995, the Oconee Center placed Lucy into an OCSB community home where Williams also lived.

On February 11, 1999, Williams was admitted to a hospital after she attacked an Oconee Center caseworker. She was released on February 16, 1999, and OCSB employees placed her back into residential care at the community home. Two days later, Williams stabbed Lucy to death, and this lawsuit ensued.

Without dispute, OCSB is a state department or agency for purposes of sovereign immunity.[4] Such departments and agencies are entitled to sovereign immunity from tort claims unless the immunity

---

[1] (Punctuation omitted.) *Ga. Military College v. Santamorena*, 237 Ga. App. 58 (514 SE2d 82) (1999).

[2] See *Sturm, Ruger & Co. v. City of Atlanta*, 253 Ga. App. 713, 717 (560 SE2d 525) (2002).

[3] See OCGA § 37-2-6 (a).

[4] See *Youngblood v. Gwinnett Rockdale &c. Svc. Bd.*, 273 Ga. 715, 716 (1) (545 SE2d 875) (2001).

"is *specifically* waived by a statute setting forth the extent of the waiver."[5] In determining whether and to what extent sovereign immunity is waived with respect to the Holseys' negligence allegations, we must look to the Georgia Tort Claims Act ("GTCA" or "the Act").[6] The GTCA provides a limited waiver of sovereign immunity "for the torts of state officers and employees while acting within the scope of their official duties or employment."[7] That waiver, however, is subject to various exceptions and limitations set forth in the Act.[8] And, pursuant to OCGA § 50-21-24 (7), the state has "no liability for losses resulting from . . . [a]ssault [or] battery."

Urging us to focus on the conduct of state actors, the Holseys argue that the assault and battery exception should only apply when a state actor, not a third party, commits an assault or battery.[9] Both this Court and the Supreme Court, however, have rejected this very argument.[10] Under Georgia law,

> [i]n determining whether the exception . . . applies, . . . the focus is not on the government action taken or the duty allegedly breached by the government, but on the act causing the underlying loss, and it is not necessary that such act have been committed by a state officer or employee.[11]

As we have noted, "when a plaintiff is injured by an assault or battery, his loss 'results' from such assault or battery, even though there may have been other contributing factors."[12] Because Lucy's death resulted from the stabbing, which constitutes an assault or battery within the meaning of OCGA § 50-21-24 (7), sovereign immunity shields OCSB from liability for such loss.[13] Accordingly, the

---

[5] *Dept. of Human Resources v. Coley*, 247 Ga. App. 392 (1) (544 SE2d 165) (2000). See also Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

[6] See OCGA § 50-21-20 et seq.; *Youngblood*, supra at 716-717 (2).

[7] OCGA § 50-21-23 (a).

[8] See id.

[9] On appeal, the Holseys also assert that the assault and battery exception, as applied by the courts, violates the Georgia and United States Constitutions. The Holseys, however, failed to obtain a specific ruling from the trial court on their constitutional claims. Accordingly, these claims are not properly before us for review. See *Bain v. State*, 258 Ga. App. 440, 445-446 (3) (574 SE2d 590) (2002); *City of Atlanta v. Chambers*, 205 Ga. App. 834, 837 (3) (424 SE2d 19) (1992).

[10] See *Youngblood*, supra at 717 (3); *Coley*, supra at 394 (1); *Santamorena*, supra at 60 (1) (a).

[11] (Punctuation omitted.) *Coley*, supra. See also *Youngblood*, supra ("Unlike other subsections within OCGA § 50-21-24, subsection (7) is not limited in application to acts taken by a State officer or employee but covers all losses resulting from the torts enumerated therein. [Cit.] The focus, therefore, is not on the duty allegedly breached by the State but on the act causing the underlying loss regardless of who committed the act.").

[12] *Coley*, supra at 397 (2).

[13] See *Youngblood*, supra; *Ardizonne v. Dept. of Human Resources*, 258 Ga. App. 858, 859-860 (575 SE2d 738) (2002); *Coley*, supra at 394; *Santamorena*, supra.

trial court erred in failing to dismiss the claims against OCSB.[14]

*Judgment reversed. Smith, C. J., and Adams, J., concur. Miller, J., disqualified.*

DECIDED MARCH 18, 2004.

*Gray, Hedrick & Edenfield, Bruce M. Edenfield, Evan R. Mermelstein,* for appellant.

*Matthews & Steel, John B. Briggs, Charles A. Mathis, Jr., Dennis G. Lovell, Jr.,* for appellees.

---

[14] In their complaint, the Holseys also alleged a breach of contract claim against OCSB. They specifically state on appeal, however, that they do not contest OCSB's third enumeration of error, which asserts that the trial court erred in refusing to dismiss that claim. Given this concession, the trial court's ruling is also reversed to the extent the court refused to dismiss the breach of contract allegations.