A08A0789. SOUTHERLAND et al. v. GEORGIA DEPARTMENT OF CORRECTIONS.
(666 SE2d 383)

MIKELL, Judge.

Christopher Southerland died on January 1, 2005, as a result of head injuries inflicted by his cell mate, Antwain Beasley, at Rutledge State Prison in Muscogee County. Southerland's mother, Louise Southerland, individually and as the administratrix of her son's estate, filed a wrongful death action against the Georgia Department of Corrections ("GDOC"), which operates the prison, alleging that prison employees negligently failed to follow GDOC policy and

---

procedures regarding the housing and level of care required to be given to an inmate such as Southerland, who was mentally retarded and had been assigned a Level III classification. According to the complaint, the GDOC's standard operating procedures required that Level III inmates be housed in a mental health unit. Instead, Southerland was placed with Beasley, a Level I inmate, who was hearing voices, was not taking his medication, and had threatened to harm Southerland. The GDOC filed a motion to dismiss, contending that the action, filed under the Georgia Tort Claims Act ("GTCA"), OCGA § 50-21-20 et seq., was barred by sovereign immunity. Specifically, the GDOC invoked the exception to the waiver of sovereign immunity found in OCGA § 50-21-24 (7), which provides that "the state shall have no liability for losses resulting from" certain enumerated torts, including assault and battery. The trial court granted the motion following a hearing, and Ms. Southerland appeals. We affirm.

"The party seeking to benefit from a waiver of sovereign immunity has the burden to establish waiver, and any suit brought to which an exception applies is subject to dismissal pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction."[1] The trial court's ruling on the motion to dismiss is reviewed de novo,[2] while factual findings are sustained if there is evidence supporting them.[3] In the case at bar, the trial court found, based on the pleadings, that Southerland was found bleeding on the floor of his cell on December 12, 2004, having been injured by Beasley; that Southerland died as a result of those injuries on January 1, 2005; and that the death certificate reflected the cause of Southerland's death as "an intracranial bleed secondary to sub-dural hematoma, S/P assault in Georgia jail and respiratory failure." Because Southerland's injuries and death resulted from an assault and battery, the trial court concluded that OCGA § 50-21-24 (7) barred Ms. Southerland's claims. We agree.

1. Pursuant to our state constitution, sovereign immunity insulates the state and its departments and agencies from liability except to the extent that the legislature enacts a specific waiver.[4] The state's limited waiver of sovereign immunity for tort claims is set forth in the GTCA.[5] Thirteen exceptions to the waiver are enumerated in OCGA § 50-21-24, and the "assault and battery" exception is among

---

[1] (Footnote omitted.) *In re Carter*, 288 Ga. App. 276, 283 (2) (653 SE2d 860) (2007).

[2] *Williams v. Ga. Dept. of Transp.*, 275 Ga. App. 88, 89 (1) (619 SE2d 763) (2005).

[3] *Murray v. Ga. Dept. of Transp.*, 284 Ga. App. 263, 265 (2) (644 SE2d 290) (2007); *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 673-675 (1) (b) (570 SE2d 1) (2002).

[4] Ga. Const. 1983, Art. I, Sec. II, Par. IX (e).

[5] OCGA § 50-21-23 (a).

them.[6] This exception has been interpreted to mean that "where a loss results from assault or battery, there is no waiver of sovereign immunity, even though a private individual or entity would be liable under like circumstances."[7] In the case at bar, Ms. Southerland alleges that the "assault and battery" exception does not bar her claims because the death was occasioned by the GDOC's failure to follow established policies and procedures, as well as its violation of state laws.[8] This argument has been rejected by our appellate courts.

> Unlike other subsections within OCGA § 50-21-24, subsection (7) is not limited in application to acts taken by a [s]tate officer or employee but covers all losses resulting from the torts enumerated therein. . . . The focus, therefore, is not on the duty allegedly breached by the [s]tate but on the act causing the underlying loss.[9]

*Dept. of Human Resources v. Coley*[10] is a case on point. In *Coley*, a patient in a state hospital strangled another patient to death, and the decedent's executrix sued the DHR, alleging that the DHR's violation of its duty to protect the decedent from harm resulted in his murder.[11] Specifically, the plaintiff alleged that the patient who killed the decedent had threatened to kill someone and that the DHR negligently placed the patient in a room with the decedent.[12] In reversing the denial of the DHR's motion to dismiss, we held:

> In determining whether the exception set forth in OCGA § 50-21-24 (7) applies, . . . the focus is not on the government action taken or the duty allegedly breached by the government, but on the act causing the underlying loss, and

---

[6] OCGA § 50-21-24 (7).

[7] (Punctuation omitted.) *Dept. of Human Resources v. Coley*, 247 Ga. App. 392, 393 (1) (544 SE2d 165) (2000) (whole court).

[8] Ga. Const. 1983, Art. I, Sec. I, Par. XVII (prohibiting abuse of any person in prison); OCGA §§ 42-5-52 (a) (requiring classification and separation of mentally ill inmates); 42-5-2 (a) (requiring prison to provide needed medical and hospital attention to inmates).

[9] *Youngblood v. Gwinnett Rockdale Newton Community Svc. Bd.*, 273 Ga. 715, 717 (3) (545 SE2d 875) (2001), citing *Ga. Military College v. Santamorena*, 237 Ga. App. 58, 60 (1) (a) (514 SE2d 82) (1999); *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 71-72 (1) (456 SE2d 642) (1995) ("assault and battery" exception barred claims against DHR arising from shooting of operator of a contract home by a juvenile delinquent who had been placed there by DHR). Accord *Coley*, supra.

[10] Supra.

[11] Id. at 392.

[12] Id.

it is not necessary that such act have been committed by a state officer or employee.[13]

*Coley* is apposite and controlling. Because the act causing the underlying loss in this case, the beating death of Southerland, constitutes a battery, the exception in OCGA § 50-21-24 (7) to the waiver of sovereign immunity applies, and the trial court did not err in dismissing the wrongful death and negligence claims against the GDOC.[14]

2. Notwithstanding the assault and battery exception, Ms. Southerland argues that the GDOC waived its sovereign immunity pursuant to the discretionary function exception to the GTCA. Under this exception, the state is not liable for losses resulting from the "exercise or performance of . . . a discretionary function or duty on the part of a state officer or employee."[15] The GTCA defines "discretionary function or duty" as "a function or duty requiring a state officer or employee to exercise his or her policy judgment in choosing among alternate courses of action based upon a consideration of social, political, or economic factors."[16] Ms. Southerland contends that the actions of the prison employees in failing to follow standard operating procedures and state laws regarding the proper housing and medical care of inmates do not fall within this exception because they were ministerial in nature. We need not reach this issue, however. Even if the discretionary function exception did not apply, Ms. Southerland's claims against the GDOC would still be barred by the assault and battery exception, as discussed above in Division 1.

3. Finally, Ms. Southerland argues that the GDOC waived its sovereign immunity pursuant to the "public duty doctrine," as set forth by our Supreme Court in *City of Rome v. Jordan*.[17] The doctrine provides that a governmental entity may not be held liable for the failure to provide police protection to individual citizens, except where a special relationship exists between the injured party and the

---

[13] Id. at 394 (1).

[14] Id. See also *Youngblood*, supra; *Christensen v. State of Ga.*, 219 Ga. App. 10, 13 (6) (464 SE2d 14) (1995) ("assault and battery" exception barred negligence action against state agencies by women raped by parolee); *Ardizonne v. Dept. of Human Resources*, 258 Ga. App. 858 (575 SE2d 738) (2002) (holding that assault and battery exception applied to bar claims against DHR arising from mental health outpatient's murder of his father).

[15] OCGA § 50-21-24 (2).

[16] OCGA § 50-21-22 (2). See *Edwards v. Dept. of Children &c. Svcs.*, 271 Ga. 890, 892-893 (525 SE2d 83) (2000); *Brantley v. Dept. of Human Resources*, 271 Ga. 679, 681-682 (523 SE2d 571) (1999).

[17] 263 Ga. 26, 27 (1) (426 SE2d 861) (1993). See *Daley v. Clark*, 282 Ga. App. 235, 236-237 (1) (638 SE2d 376) (2006) (explaining evolution of doctrine).

governmental actor.[18] But as we explained in *Coley*, "[t]he public duty doctrine does not act as a judicially created exception to the state's sovereign immunity. Indeed, because sovereign immunity has constitutional status, it cannot be abrogated by the judiciary."[19]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JUNE 12, 2008 —
RECONSIDERATION DENIED JULY 25, 2008.

*Maniklal & Dennis, Saleem D. Dennis, James M, Kirtlink*, for appellants.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Assistant Attorney General*, for appellee.

---

[18] See *Jordan*, supra; *Dept. of Transp. v. Brown*, 267 Ga. 6, 8 (3) (471 SE2d 849) (1996).

[19] *Coley*, supra at 394 (1), n. 9, citing *State Bd. of Ed. v. Drury*, 263 Ga. 429, 430 (1) (437 SE2d 290) (1993), and *Dollar v. Dalton Public Schools*, 233 Ga. App. 827, 830 (3) (b) (505 SE2d 789) (1998). See also *Santamorena*, supra at 61 (1) (b).