**SECOND DIVISION
BARNES, P. J.,
MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A2454. CONSIDINE v. MURPHY et al.

BARNES, Presiding Judge.

Cecily Considine filed suit against George W. Murphy and Murphy & McInvale, P.C., an accounting firm (collectively, "Murphy"), alleging that Murphy committed malpractice while serving as the receiver of a business partly owned by Considine. In *Considine v. Murphy*, 320 Ga. App. 316 (739 SE2d 777) (2013), this Court reversed the trial court's order dismissing Considine's complaint upon finding that Considine had not been afforded notice or an opportunity to be heard on Murphy's motion to dismiss.[1] Upon remand, the trial court once again held that Murphy, acting in his capacity as a court-appointed receiver, was entitled to official

---

[1] Considine had alleged that Murphy breached his contract of engagement and his fiduciary duty to the business for which he served as the receiver, acted with gross negligence, and committed wilful and wanton misconduct. The trial court found that Murphy was entitled to official immunity from suit as a court-appointed receiver. See *Considine*, 320 Ga. App. at 317.

immunity and granted Murphy's motion to dismiss. This appeal ensued. Upon our review and for the reasons that follow, we affirm.

A motion to dismiss asserting sovereign immunity is based upon the trial court's lack of subject matter jurisdiction, rather than the merits of the plaintiff's claim. See *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 671 (1) (570 SE2d 1) (2002); OCGA § 9-11-12 (b) (1). Thus, the party seeking to benefit from the waiver of sovereign immunity has the burden of proof to establish waiver, and the trial court's pre-trial ruling on factual issues necessary to decide the OCGA § 9-11-12 (b) (1) motion is reviewed on appeal under the any evidence rule. Id.

The record demonstrates that in 2008, Considine filed a lawsuit against her former business partner, Michael Affatato, over their partnership in Model Masters, Inc. In September 2008, the trial court entered a consent order directing that the parties select a receiver within 14 days of the order to oversee certain business functions, including receiving and depositing monies "owing or payable" to Model Masters, and authorizing or rejecting disbursements on behalf of the company. The consent order further provided that if the parties could not agree on the selection of a receiver, the trial court would select from their individual proposed receivers. Thereafter, on October 6, 2008, Considine and Affatato selected Murphy as the

"court-appointed" receiver for Model Masters, and on September 2, 2009, the trial court entered a consent order holding that

> [p]ursuant to the agreement of the parties, the powers of George Murphy CPA, under the Court's September 3, 2008 Consent Order are hereby expanded, effective as of August 28, 2009, to include all powers allowed a receiver under Georgia law. All other provisions of the September 3, 2008 Consent Order, and all mandates and directions under the Court's remaining Orders, shall remain in full force and effect.

On September 29, 2010, Considine filed a complaint for damages against Murphy, alleging gross negligence and breach of fiduciary duty in connection with its duties as receiver for Model Master. Murphy moved to dismiss the complaint, asserting, among other things, that as the receiver it was entitled to official immunity. Following a hearing on the motion to dismiss, Considine voluntarily dismissed the complaint, but re-filed it on October 13, 2011 and added additional counts of breach of contract, willful and wanton misconduct, and accounting. Murphy moved to dismiss, again maintaining official immunity, and the trial court granted the motion without a hearing upon finding that because Murphy was acting in its "official capacity as a court appointed receiver, [it] [is] entitled to official immunity." After finding that Considine had not been afforded notice or opportunity to be heard, this

3

Court reversed the trial court and remanded the case for a hearing. See *Considine v. Murphy*, 320 Ga. App. at 316. Following the remand, and after conducting a hearing the trial court granted Murphy's motion to dismiss. The trial court found that Considine's

> claim fails under Georgia law because [Murphy], as court appointed receiver[], [is] protected by official immunity. Official immunity protects those persons who are acting as government officials from personal liability for discretionary actions taken within the scope of their official authority, and done without willfulness, malice, or corruption. . . . The established law in Georgia is that a court-appointed receiver is responsible to the court appointing him and "must in all things obey its direction." OCGA § 9-8-8 (a). Further, a receiver is required to perform his responsibilities according to the orders of the court appointing him. OCGA § 9-8-8 (b). A receiver is therefore an officer of the court and entitled to the protection of official immunity.

Considine appeals from that order.

1. Considine's contention that the trial court erred in finding that the evidence was sufficient to find that Murphy was the court-appointed receiver is meritless.

The power of appointing a receiver should be prudently and cautiously exercised and should not be resorted to except in clear and urgent cases. OCGA § 9-8-4. However, "the grant or refusal of a receivership is a matter addressed to the

4

sound legal discretion of the trial court, the exercise of which will not be interfered with on appeal unless such discretion be manifestly abused." (Citation and punctuation omitted.) *Ga. Rehabilitation Center v. Newnan Hosp.*, 283 Ga. 335, 336 (2) (658 SE2d 737) (2008). Pursuant to OCGA § 9-8-1, "[w]hen any fund or property is in litigation and the rights of either or both parties cannot otherwise be fully protected or when there is a fund or property having no one to manage it, a receiver of the same may be appointed by the judge of the superior court having jurisdiction thereof." See *Chrysler Ins. Co. v. Dorminey*, 271 Ga. 555, 556 (1) (522 SE2d 232) (1999).

Here, Considine does not contend that the appointment of a receiver was unnecessary. Rather he maintains instead that because Murphy was appointed as the receiver by agreement of Considine and her business partner pursuant to a consent order, Murphy was not a court-appointed receiver and thus not protected by official immunity. We do not agree.

> [A] consent judgment is not a judgment of the court, it is the agreement of the parties, entered upon the record with the sanction and approval of the court, and is their act rather than that of the court. *Such judgments do, of course, bind the parties as fully as other judgments.*

(Citations and punctuation omitted; emphasis supplied.) *Payne v. Jones & Kolb*, 190 Ga. App. 62, 64 (1) (378 SE2d 467) (1989). Further, a voluntary act of a party acknowledging the validity of a judgment against him" operate[s] as a waiver of his right to bring error to reverse it." See *Allen v. Allen*, 198 Ga. 267 (31 SE2d 481) (1944).

Here, the consent order signed by Considine and her partner specifically stated that the trial court had determined that pursuant to "OCGA § §9-8-1 through 9-9-14" a receiver was "necessary to preserve the property of Model Master." It further provided that "a receiver shall be appointed,"that within fourteen days the parties should present a mutually agreed upon receiver, and that if the parties could not agree on a receiver then they should present selections to the trial court and it would select the receiver from their choices. Murphy's letter of engagement, which was signed by Considine and her partner and incorporated the consent order, reflected the parties' acknowledgment that Murphy was the court-appointed receiver. Thereafter the trial court entered a "stipulate[d]" amended consent order expanding Murphy's powers "to include all powers allowed a receiver under Georgia law," acknowledging that Murphy was the court-appointed receiver pursuant to the consent order.

6

Clearly, the evidence establishes that the trial court determined that a receiver should be appointed pursuant to OCGA § 9-8-1 et. seq, and the consent order and stipulated amended consent order established that the parties and court agreed to the selection of Murphy as the court-appointed receiver. See generally *Ga. Rehabilitation Center*, 283 Ga. at 335 ("[T]he parties agreed that the Court would dispose of the[ir] respective requests for relief which included a request for the appointment of a Receiver[.]") Accordingly, the trial court did not err in finding that Murphy was a court-appointed receiver.

2. We also find meritless Considine's contention that Murphy and Murphy & McInvale, P.C., as a corporate entity, could not be appointed as a receiver and thus was not entitled to official immunity. Considine contends that the plain language of OCGA § 9-8-1 et. seq. contemplates a receiver being a natural person and not a corporation. She further contends that the trial court misapplied OCGA § 14-2-1432 for the proposition that corporations can serve as receivers because the statute only applies to the dissolution of companies, and per the consent order, the receiver was charged with preserving the assets of Model Master rather than dissolving it.[2]

---

[2] OCGA § 14-2-1432 (b) provides in pertinent part that, "[t]he court may appoint an individual or a domestic or foreign corporation . . . as a receiver or custodian."

We need not decide whether the trial court was correct in its application of OCGA § 14-2-1432 to these circumstances, given that it is undisputed that Considine signed the letter of engagement selecting "Murphy & McInvale Certified Public Accountants . . . as the Court appointed receiver." As noted earlier, Considine's voluntary act in acknowledging validity of the consent order against her operates as waiver to bring error to reverse it. "As the court complied with [Considine's] request, [she] cannot assert on appeal that the court erred in so doing." *Pound v. Medney*, 176 Ga. App. 756, 758 (1) (337 SE2d 772) (1985).

3. Likewise, the trial court did not err in dismissing Considine's complaint against Murphy because of its official immunity.

> [A] public officer or employee may be personally liable only for ministerial acts negligently performed or [discretionary] acts performed with malice or an intent to injure. The rationale for this immunity is to preserve the public employee's independence of action without fear of lawsuits and to prevent a review of his or her judgment in hindsight.

(Footnotes omitted.) *Cameron v. Lang*, 274 Ga. 122, 123 (1) (549 SE2d 341) (2001). Whether a duty is ministerial or discretionary turns on the character of the specific act itself. *Schmidt v. Adams*, 211 Ga. App. 156, 157 (438 SE2d 659) (1993). Unlike a ministerial act, a discretionary act "calls for the exercise of personal deliberation and

8

judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." (Citation and footnote omitted.) *Harvey v. Nichols*, 260 Ga. App. 187, 191 (1) (581 SE2d 272) (2003). "[I]n the context of official immunity, actual malice requires a deliberate intention to do wrong, and denotes express malice or malice in fact. It does not include wilful, wanton or reckless conduct or implied malice." (Punctuation and footnotes omitted.) *Daley v. Clark*, 282 Ga. App. 235, 247 (2) (b) (638 SE2d 376) (2006).

We agree with the trial court that Murphy's duties were discretionary, and also that Considine has failed to show that Murphy acted with actual malice. Per the consent order, Murphy was instructed to "preserve the property" of Model Master and its specific duties included, but were not limited to, authorizing or rejecting the creation of new contractual obligations or financial commitments in amounts over $1000, authorizing or rejecting the disbursements of monies, authorizing or rejecting the sale or distribution of company assets, and ascertaining, in its discretion, the necessity of the sale, distribution or disbursement of company property "necessary for the operation of Model Master." These duties clearly required Murphy to examine the facts, reach reasoned conclusions, and act in a way not specifically directed, and therefore, were discretionary in nature.

9

Thus, Considine must show that Murphy acted with actual malice or actual intent to injure, and if it did not, Murphy is entitled to official immunity. *Adams v. Hazelwood*, 271 Ga. 414 (1) (520 SE2d 896) (1999). This she has not done. Although Considine contends that the evidence demonstrates that Murphy committed multiple acts of gross negligence, willful misconduct, corruption, theft, and malfeasance, she does not point to any evidence in the record showing that the actions were done with actual malice as that term is defined in our case law. The affidavit of another certified public accountant that was attached to Considine's complaint merely states summarily that Murphy acted with "gross negligence, malfeasance, and professional malpractice." There were no specific acts of actual malice alleged in the affidavit, nor does Considine specify any acts of actual malice in her appellate brief. In fact, the record is devoid of any evidence that Murphy acted with the deliberate intention to do wrong in carrying out its duties as receiver.

There being no evidence that Murphy acted with actual malice, the trial court did not err in dismissing Considine's claim.

*Judgment affirmed. Miller and Ray, JJ., concur.*