**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**September 28, 2017**

# In the Court of Appeals of Georgia

A17A0958. GEORGIA DEPARTMENT OF PUBLIC SAFETY v.
    JOHNSON.

ANDREWS, Judge.

Andrew Johnson drove his vehicle at high speeds in excess of the posted speed limit while fleeing from a pursuing Georgia State Patrol officer and ignoring the officer's visual and audible signals to stop. To stop Johnson and end the high speed pursuit, the officer used his patrol vehicle to intentionally make contact with Johnson's vehicle with a precision immobilization technique known as the PIT maneuver. After the officer executed the PIT maneuver, Johnson's vehicle left the road, hit a tree, and Johnson suffered various injuries.

Johnson sued the Georgia Department of Public Safety (DPS), where the officer was employed in the Georgia State Patrol Division, alleging that his injuries

were proximately caused by the officer's negligent decision to use the PIT maneuver and that the DPS was liable for the officer's negligence on the basis of respondeat superior. The DPS filed a pre-trial motion to dismiss the suit pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction on the basis that it had sovereign immunity from the claim asserted in the suit. The trial court considered depositions, affidavits, and other discovery produced in the fully developed record, and entered a pre-trial order ruling that "the Court has, pursuant to OCGA § 9-11-12 (d), determined in this case that it is appropriate to defer ruling on [the DPS's] motion until trial of the case." The trial court certified this ruling for immediate review, and we granted the DPS's application for an interlocutory appeal. The DPS brings this appeal asserting that, by deferring any ruling on the sovereign immunity issue until the trial of the case, the trial court erred by failing to rule on a threshold issue prior to trial and by requiring the DPS to litigate the merits of a claim barred by sovereign immunity. For the following reasons, we affirm the trial court's deferral ruling in part, vacate the ruling in part, and remand the case to the trial court.

As a department of the State of Georgia, the DPS is entitled to sovereign immunity provided to the State under the Georgia Constitution to the extent that such immunity has not been waived through an act passed by the General Assembly. Ga.

2

Const. of 1983, Art. I, Sec. II, Par. IX (a), (e); *Georgia Forestry Comm. v. Canady*, 280 Ga. 825, 825-826 (632 SE2d 105) (2006). The Georgia Tort Claims Act (GTCA) set forth at OCGA § 50-21-20 et seq. provides for a limited waiver of the State's sovereign immunity for the torts of State officers and employees acting within the scope of their official duties or employment and sets forth specific exceptions to the waiver under which the State retains sovereign immunity from suit. OCGA §§ 50-21-23; 50-21-24. Any suit against the State barred by sovereign immunity is subject to dismissal pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction. *Steele v. Ga. Dept. of Transp.*, 271 Ga. App. 374, 374-375 (609 SE2d 715) (2005). The DPS moved for dismissal of Johnson's suit for lack of subject matter jurisdiction on the basis of two GTCA exceptions to the waiver of sovereign immunity under which the State remains immune.

The first exception, set forth in OCGA § 50-21-24 (6), provides in relevant part that "the state shall have no liability for losses resulting from . . . the method of providing . . . law enforcement [or] police . . . protection. . . . " Under this exception, the State has no liability "if the negligence causing an injury lies in the formulating of policy – i.e. the determining of the method of police protection to provide. . . ." *Ga. Dept. of Public Safety v. Davis*, 285 Ga. 203, 205-206 (676 SE2d 1) (2009) (citation

3

and punctuation omitted). In other words, "the state is immune from liability if the alleged negligence causing an injury, which injury occurs during implementation of policy, lies in some defect in the policy itself." Id. at 206. However, "[t]he state is not immune from liability where its employee is implementing a non-defective policy, but does so in a negligent manner." Id. Accordingly, "the state may be immune from liability for negligence in creating a certain policy which causes injury during its implementation, [but] such immunity is unavailable for an employee's allegedly negligent act or omission which is not authorized by any policy." Id.

Johnson's suit concerns a written police protection policy formulated by the DPS governing use of the PIT maneuver which sets forth factors an officer is required to consider before making a decision to use the PIT maneuver. The suit alleges that Johnson's injuries were caused by the officer's negligent decision to use the PIT maneuver without considering certain factors set forth in the DPS policy governing the decision which contradicted use of the maneuver under the circumstances of this case. Johnson does not claim that the policy itself is defective; rather, he claims that the officer implemented a non-defective policy in a negligent manner by failing to consider all the factors the policy required him to consider. In moving to dismiss the suit, the DPS contended to the contrary that the record shows the officer was not

4

negligent and properly implemented the policy in reaching his decision to use the PIT maneuver.

With respect to the GTCA exception set forth in OCGA § 50-21-24 (6), the record shows that the DPS's motion to dismiss pursuant to OCGA § 9-11-12 (b) (1) was primarily a factual challenge to subject matter jurisdiction based on facts allegedly showing that the officer properly implemented DPS policy so that the DPS retained sovereign immunity from Johnson's suit under the GTCA. Where subject matter jurisdiction is challenged on this basis, "the trial court may receive evidence [if necessary to develop the record] and make relevant factual findings to decide the threshold issue of whether the defendant's entitlement to sovereign immunity deprives the court of subject matter jurisdiction." *James v. Ga. Dept. of Public Safety*, 337 Ga. App. 864, 867 (789 SE2d 236) (2016); *Rivera v. Washington*, 298 Ga. 770, 778 (784 SE2d 775) (2016); *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 671-675 (570 SE2d 1) (2002); OCGA § 9-11-43 (b). Where the trial court makes factual findings necessary to decide the defendant's OCGA § 9-11-12 (b) (1) motion, the court's pre-trial ruling is on the issue of subject matter jurisdiction, rather than the merits of the plaintiff's claim. *Considine v. Murphy*, 327 Ga. App. 110, 111 (755 SE2d 556) (2014), vacated in part on other grounds, 297 Ga. 164, 170-171 (773 SE2d

5

176) (2015); *Derbyshire v. United Builders Supplies, Inc.*, 194 Ga. App. 840, 842 (392 SE2d 37) (1990). The plaintiff opposing the motion and seeking to benefit from establishing a waiver of sovereign immunity has the burden of proof to establish a waiver, and the trial court's ruling on the factual issues is reviewed on appeal under the any evidence rule. *Considine*, 327 Ga. App. at 111.

In the present case, however, the factual contentions asserted by the DPS in support of its OCGA § 9-11-12 (b)(1) motion – that the officer properly implemented DPS policy – also go to the merits of Johnson's contrary claim that his injuries resulted from the officer's negligent implementation of DPS policy. The trial court declined to issue a pre-trial ruling on the DPS's OCGA § 9-11-12 (b) (1) motion citing to OCGA § 9-11-12 (d), which provides that the motion "shall be heard and determined before trial on application of any party unless the court orders that the hearing and determination be deferred until the trial." In *Georgia Power Co. v. Harrison*, 253 Ga. 212, 214-215 (318 SE2d 306) (1984), the Supreme Court addressed the discretion that OCGA § 9-11-12 (d) confers on the trial court under these circumstances.

> [A]lthough OCGA § 9-11-12 (d) clothes the court with discretion to hear jurisdictional issues in advance of trial, it is a legal discretion which must balance the factors favoring pretrial determination of a defense

6

against other circumstances favoring delay, and which generally should not be exercised to consider questions of jurisdiction which are largely co-extensive with the merits of a claim. Wright & Miller, Federal Practice and Procedure: Civil § 1373; 2A Moore's Federal Practice § 12.16. "In exercising this discretion, the court must balance the need to test the sufficiency of the defense or objection and the right of a party to have his defense or objection promptly decided and thereby possibly avoid costly litigation against such factors as the expense and delay the hearing may cause, the difficulty or likelihood of arriving at a meaningful result at the hearing, and the possibility that the issue to be decided on the hearing is so interwoven with the merits of the case that a postponement until trial is desirable." Wright & Miller, supra, at 709-11. In particular, "where determination of the defense will involve going into the merits, the question may well be reserved until trial. The rule is not intended to permit fragmentary and separate trials of issues that require coherent presentation for their just determination." 2A Moore's, supra, at 2354.

*Harrison*, 253 Ga. at 214-215 (punctuation omitted). Whether a trial court rules on the factual challenge to jurisdiction before trial or defers it until trial on the merits pursuant to OCGA § 9-11-12 (d), the determination is for the trial court, not the jury. *James*, 337 Ga. App. at 868; *Derbyshire*, 194 Ga. App. at 843. In the present case, to the extent the DPS motion to dismiss for lack of subject matter jurisdiction relies on the GTCA exception to the waiver of sovereign immunity set forth in OCGA § 50-21-24 (6), we find that the motion presents a factual challenge to jurisdiction largely co-extensive with the merits of Johnson's suit. On these facts, we conclude that the trial

7

court did not abuse its discretion under OCGA § 9-11-12 (d) by deferring its ruling on the motion until trial on the merits.[1]

The second GTCA exception to the waiver of sovereign immunity on which the DPS based its OCGA § 9-11-12 (b) (1) motion to dismiss for lack of subject matter jurisdiction is set forth in OCGA § 50-21-24 (7), which provides in relevant part that "the state shall have no liability for losses resulting from . . . [a]ssault [or] battery. . . . " Under this exception, "where [the plaintiff's] loss results from an assault or battery, there is no waiver of sovereign immunity, even though a private individual or entity would be liable under like circumstances." *Southerland v. Ga. Dept. of Corrections*, 293 Ga. App. 56, 58 (666 SE2d 383) (2008) (citation and punctuation omitted). "The focus . . . is not on the duty allegedly breached by the State but on the act causing the underlying loss. . . ." *Youngblood v. Gwinnett Rockdale Newton Community Service Bd.*, 273 Ga. 715, 717 (545 SE2d 875) (2001). Thus, the focus is not on the allegation in Johnson's complaint that the officer negligently implemented the DPS PIT maneuver policy by failing to consider factors that the policy required

---

[1] Where a ruling is deferred until trial pursuant to OCGA § 9-11-12 (d), the trial court's ruling on the issue of subject matter jurisdiction must be made before the entry of judgment, and the trial court may use the jury's verdict only in an advisory capacity. *Dupree*, 256 Ga. App. at 672; *James*, 337 Ga. App. at 868.

8

him to consider, but on whether the act (the PIT maneuver) which allegedly caused the underlying loss constituted an assault or battery. The complaint alleges that, because the officer negligently implemented DPS policy, the officer performed an unjustified PIT maneuver by using his patrol vehicle to intentionally strike Johnson's vehicle, which caused Johnson to lose control, strike a tree, and suffer various injuries. Accordingly, with respect to the GTCA exception set forth in OCGA § 50-21-24 (7), the DPS's motion to dismiss pursuant to OCGA § 9-11-12 (b) (1) can be construed as a facial challenge to subject matter jurisdiction based solely on the allegations in the complaint that the loss resulted from a PIT maneuver constituting an assault or battery within the meaning of the exception. In facial challenges to subject matter jurisdiction under OCGA § 9-11-12 (b) (1) (as opposed to factual challenges), the trial court makes no factual findings. *James*, 337 Ga. App. at 865. Rather, the trial court takes the relevant allegations of the complaint as true in deciding as a matter of law whether to grant the motion. Id.; see *Oconee Community Svc Bd. v. Holsey*, 266 Ga. App. 385, 385-386 (597 SE2d 489) (2004); *Miller v. Dept. of Public Safety*, 221 Ga. App. 280, 281 (470 SE2d 773) (1996).[2] With respect to the

---

[2] Construing application of Rule 12 (b) (1) of the Federal Rules of Civil Procedure, the Eleventh Circuit has categorized attacks on subject matter jurisdiction as facial and factual. "Attacks on subject matter jurisdiction under Rule 12 (b) (1)

9

DPS's facial challenge to subject matter jurisdiction under OCGA § 9-11-12 (b) (1), we find that the factors (as set forth above in *Harrison*, 253 Ga. at 214-215) controlling the trial court's exercise of discretion under OCGA § 9-11-12 (d) are clearly balanced in favor of prompt pre-trial determination of the motion. As a matter of best policy, when faced with a case that raises some defense of immunity, "courts should address motions on immunity issues as early as practicable. . . ." *Rivera*, 298 Ga. at 777. Accordingly, as to the sovereign immunity claim based on OCGA § 50-21-24 (7), we conclude that the trial court abused its discretion by deferring determination of this claim until trial on the merits. We vacate the trial court's deferral ruling on this claim and remand the case to the trial court for ruling on the DPS's motion to dismiss pursuant to OCGA § 9-11-12 (b) (1) for lack of subject

---

come in two forms, 'facial' and 'factual' attacks. *Lawrence v. Dunbar*, 919 F2d 1525, 1528-29 (11th Cir. 1990). Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Id. at 1529. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. Id. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. Id." *Morrison v. Amway Corp.*, 323 F3d 920, 924 n.5 (11th Cir. 2003). We find the Eleventh Circuit view of Rule 12 (b) (1) jurisdictional attacks persuasive with respect to jurisdictional challenges brought under similar provisions of OCGA § 9-11-12 (b) (1).

matter jurisdiction based on the GTCA exception to the waiver of sovereign immunity set forth in OCGA § 50-21-24 (7).

*Judgment affirmed in part, vacated in part, and case remanded in part. Ellington, P. J., and Rickman, J., concur.*