**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 23, 2019**

# In the Court of Appeals of Georgia

A19A1487. R. L. (BUTCH) CONWAY, IN HIS OFFICIAL
  CAPACITY AS SHERIFF OF GWINNETT COUNTY v.
  JONES.

COOMER, Judge.

Janise Latrell Jones sued R. L. (Butch) Conway, in his official capacity as sheriff of Gwinnett County, and former sheriff's deputy Terry Henderson, alleging that Henderson had sexually assaulted her while transporting her to the Gwinnett County jail. Conway appeals from the trial court's order denying his motion to dismiss. Conway contends the trial court erred in denying his motion to dismiss because sovereign immunity bars Jones's state law claims against him in his official capacity; he is entitled to official immunity for her state law claims to the extent that Jones has sued him in his individual capacity; and he is entitled to qualified immunity

to the extent that Jones's complaint has stated any federal law claims against him. For the following reasons, we reverse.

In her complaint, Jones alleged that Henderson sexually assaulted her while transporting her to the Gwinnett County jail, in violation of state law and her federal civil rights. Jones alleged that Conway was negligent in (1) allowing Henderson to transport a female prisoner alone, (2) failing to discover Henderson's previous sexual abuse, and (3) engaging in a pattern of hiring employees who have committed sexual assault against prisoners, such that he was responsible for the assault in his official capacity. In addition, Jones alleged that Conway was liable under the doctrine of respondeat superior.

Conway filed a motion to dismiss, asserting that the state law claims against him in his official capacity were barred by sovereign immunity grounds. Conway also asserted that to the extent that Jones asserted any state law claims against him in his individual capacity, such claims were barred by official immunity; that to the extent that Jones asserted any federal claims against him in his official capacity, she had not pled facts that would establish a pattern, practice, or policy of Gwinnett County that led to her injuries, as required to state a claim for a federal constitutional injury; and that to the extent Jones had asserted any federal law claims against him in his

2

individual capacity, he would be entitled to qualified immunity. The trial court summarily denied Conway's motion. Conway obtained a certificate of immediate review and filed an application seeking interlocutory review, which was granted. . This appeal followed.

"The standard of review for a trial court's order on a motion to dismiss is de novo[.]" *Wylie v. Denton*, 323 Ga. App. 161, 162 (746 SE2d 689) (2013) (citation omitted).

1. Conway contends that the trial court erred in denying his motion to dismiss because sovereign immunity bars Jones's state law claims against him in his official capacity. We agree.

"The doctrine of sovereign immunity, also known as governmental immunity, protects all levels of governments from legal action unless they have waived their immunity from suit." *Watts v. City of Dillard*, 294 Ga. App. 861, 862 (1) (670 SE2d 442) (2008) (citation and punctuation omitted). "Any suit against the State barred by sovereign immunity is subject to dismissal pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction." *Dept. of Pub. Safety v. Johnson*, 343 Ga. App. 22, 23 (806 SE2d 195) (2017) (citation omitted). "As a general rule, counties enjoy

sovereign immunity. . . . And county officers sued in their official capacities – since a suit against a county officer in [his] official capacity is a suit against the county itself – enjoy the same sovereign immunity." *Layer v. Barrow County*, 297 Ga. 871, 871 (1) (778 SE2d 156) (2015) (citations and emphasis omitted). Sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." *Ratliff v. McDonald*, 326 Ga. App. 306, 309 (1) (756 SE2d 569) (2014) (citation omitted). "And any waiver of sovereign immunity must be established by the party seeking to benefit from that waiver." *Id.* (citation and punctuation omitted).

In the case at bar, Jones has "failed to carry this burden, however, as she does not argue on appeal, nor did she establish below, that the General Assembly has waived sovereign immunity for the [state law] claims raised in this case." *Ratliff*, 326 Ga. App. at 309 (1) (footnote omitted). In her response to Conway's motion to dismiss, Jones asserted that she had "alleged a pattern of conduct by other Deputy Sheriffs and other acts by Deputy Sheriff Henderson in her complaint." However, she cited no case law or authority to establish that sovereign immunity had been waived with regard to her claims against Conway. On appeal, Jones again cites no case law or authority to establish a waiver of sovereign immunity. Thus, Jones's state law

4

claims against Conway are barred by sovereign immunity and the trial court erred in not dismissing these claims.

2. Conway next contends that the trial court erred in denying his motion to dismiss because to the extent Jones has sued him in his individual capacity, he is entitled to official immunity for her state law claims. However, Jones sued Conway in his official capacity, and she confirms on appeal that her action is against Conway only in his official capacity and not in his individual capacity. Accordingly, this argument is moot.

3. Conway further contends that the trial court erred in denying his motion to dismiss because to the extent that the complaint states any federal claims against him under 42 USC § 1983,[1] the complaint does not contain any facts that would establish an official policy or custom of Gwinnett County that led to her injuries, and he is entitled to qualified immunity in his individual capacity. We agree.

> In *Monell* [*v. Dept. of Social Svcs.*, 436 U.S. 658, 694 (II) (98 SCt 2018, 56 LE2d 611) (1978)], the United States Supreme Court held that local governments may be held liable for unconstitutional actions of their employees under § 1983 if the action that is alleged to be

---

[1] The only reference in the complaint to 42 USC § 1983 is an allegation that the assault by Henderson was "a violation of Plaintiff's Civil Rights as contemplated by 42 [USC §] 1983."

5

unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. But a municipality cannot be held liable solely because it employs a tortfeasor. In other words, there is no respondeat superior liability under § 1983; rather, a plaintiff must point to some official policy or custom which resulted in the injury.

*Brown v. Dorsey*, 276 Ga. App. 851, 857 (2) (625 SE2d 16) (2005) (footnotes and punctuation omitted). "[A] county is liable only when the county's official policy causes a constitutional violation." *Grech v. Clayton County*, 335 F3d 1326, 1329 (II) (A) (11th Cir. 2003) (citation and punctuation omitted). "To be actionable, a county employer's custom or policy must exhibit a 'deliberate indifference' to the rights of inhabitants. Moreover, the custom or policy must 'cause' the constitutional violation." *Russell v. Barrett*, 296 Ga. App. 114, 121 (5) (673 SE2d 623) (2009) (footnote and punctuation omitted). "What is required to be proved, directly or circumstantially, is that a governing body has worked constitutional deprivation of a citizen pursuant to an impermissible or corrupt policy which is intentional and deliberate." *City of Cave Spring v. Mason*, 252 Ga. 3, 4 (310 SE2d 892) (1984). In her complaint, Jones does not allege that an officially promulgated policy or custom of

Gwinnett County caused her injury. Accordingly, Jones has failed to allege conduct that would state a claim for liability under 42 USC § 1983 against Conway.

Conway further argues that to the extent the complaint states any federal claims under 42 USC § 1983 against him in his individual capacity, he is entitled to qualified immunity. Because Jones sued Conway in his official capacity and confirms on appeal that her action is against Conway only in his official capacity and not his individual capacity, this argument is moot.

*Judgment reversed. Doyle, P. J., and Markle, J., concur*.