**FIFTH DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 4, 2026**

# In the Court of Appeals of Georgia

A26A0303. CARSON et al. v. CHATHAM COUNTY et al.

MERCIER, Judge.

Sharon Carson, as executrix of the Estate of Bernitha Vaughn, and Vaughn's daughter Terry Heyward ("plaintiffs") appeal from the trial court's order dismissing Chatham County ("the County") from this wrongful death and personal injury action on sovereign immunity grounds. Finding no error, we affirm.

"The doctrine of sovereign immunity, also known as governmental immunity, protects all levels of governments from legal action unless they have waived their immunity from suit." *City of Albany v. Dougherty County*, 352 Ga. App. 664, 667(1) (835 SE2d 681) (2019) (quotation marks omitted). A motion to dismiss grounded in sovereign immunity challenges a trial court's subject matter jurisdiction, rather than

the merits of a plaintiff's complaint. See *Alred v. Ga. Pub. Def. Council*, 362 Ga. App. 465, 466 (869 SE2d 99) (2022) ("Sovereign immunity is not an affirmative defense, going to the merits of the case, but raises the issue of the trial court's subject matter jurisdiction to try the case." (quotation marks omitted)). To survive a motion to dismiss on this basis, the plaintiff bears the burden of establishing that sovereign immunity has been waived. See id.

When a defendant raises a sovereign immunity challenge, "the trial court may receive evidence if necessary to develop the record and make relevant factual findings to decide the threshold issue of whether [the] defendant's entitlement to sovereign immunity deprives the court of subject matter jurisdiction." *Dep't of Pub. Safety v. Johnson*, 343 Ga. App. 22, 24 (806 SE2d 195) (2017) (punctuation omitted). Although we review a trial court's ruling in this regard de novo, we will uphold the factual findings underlying that ruling if they are supported by any evidence. See *Alred*, 362 Ga. App. at 466.

With these principles in mind, we turn to the record in this case. Plaintiffs sued the County, the City of Savannah ("the City"), and others in 2018, alleging that, on March 9, 2016, a car being pursued at high speeds by unmarked police vehicles in

Savannah collided with a car driven by Vaughn, killing her.[1] The complaint asserted, among other things, that County and City officers jointly engaged in the high-speed pursuit as part of an undercover drug investigation, violating police policy and negligently causing Vaughn's death. The County moved to dismiss the claims against it, arguing that it was protected from suit by sovereign immunity, and the trial court granted the motion.[2]

The case subsequently proceeded to trial against the City and Kareem Felder, the individual driving the car that collided with Vaughn, resulting in a jury verdict for plaintiffs exceeding $3,500,000. The jury apportioned fault between the two defendants, assessing the City's fault at 37.5 percent and Felder's fault at 62.5 percent. In entering judgment, the trial court reduced the total damages awarded against the City to $500,000, the amount of the City's limited waiver of sovereign immunity under OCGA § 36-92-2. This appeal followed.

---

[1] The lawsuit originally named additional family members as plaintiffs, but only Carson and Heyward are listed as plaintiffs in this appeal.

[2] After the County filed its motion, plaintiffs dismissed their complaint without prejudice, and, within six months of that dismissal, renewed the complaint. The County refiled its motion to dismiss with respect to the renewed complaint.

Plaintiffs do not challenge the jury's verdict on appeal. Rather, they argue that the trial court erred in dismissing the County from the lawsuit; that, like the City, the County waived its sovereign immunity up to $500,000 in damages stemming from the County's actions during the police chase; and that this $500,000 should be stacked on top of the City's $500,000 judgment.

Pursuant to OCGA § 36-92-2(a)(3):

> The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived up to … $500,000.00 because of bodily injury or death of any one person in any one occurrence, an aggregate amount of $700,000.00 because of bodily injury or death of two or more persons in any one occurrence, and $50,000.00 because of injury to or destruction of property in any one occurrence, for incidents occurring on or after January 1, 2008.

As used in this provision, a "claim" is "any demand against a local government entity for money for a loss caused by negligence of a local government entity officer or employee using a covered motor vehicle while carrying out his or her official duties or employment." OCGA § 36-92-1(1). The term "local government entity" includes counties, as well as municipal corporations. See OCGA § 36-92-1(3). And a "covered

4

motor vehicle" is any vehicle owned, leased, or rented by the local government entity at issue. See OCGA § 36-92-1(2).

On appeal, plaintiffs point to no specific evidence that the County owned, leased, or rented any of the police vehicles involved in the incident leading to Vaughn's death. Instead, they contend that, pursuant to an intergovernmental agreement executed in February 2016, the City and County operated and shared responsibility for a joint police force, necessarily waiving sovereign immunity with respect to the police activity. We disagree.

Under the 2016 agreement, the Savannah-Chatham Metropolitan Police Department ("SCMPD") acted as a joint instrument of the City and County governments, providing "the full range of police services in the unincorporated area of the County and in the jurisdictional area of the City[.]" All SCMPD police officers were to be sworn in by the City and the County, but were classified as City employees. The agreement provided that capital assets and equipment would "be generally owned by the entity that directly purchased the item[.]" Vehicles purchased by the County constituted County property, while vehicles purchased by the City belonged to the

5

City. The agreement specified: "[N]othing in this agreement shall be construed as a rental agreement between the parties for use of [SCMPD] cars nor is there any waiver of sovereign immunity based upon renting of [SCMPD] cars." It also made clear that the agreement did not "waiv[e] any immunity or defense available to either party under law."

In their complaint, plaintiffs alleged that unmarked cars used by officers assigned to the SCMPD, the County-run Counter Narcotics Team ("CNT"), and the Savannah-Chatham Undercover Narcotics Investigative Team ("UNIT") participated in the undercover surveillance and pursuit of Felder on March 9, 2016. Asserting that the trial court was required to take this allegation — and a claimed connection between the County and the unmarked cars — as true, plaintiffs argue that dismissal was improper. But a trial court addressing a motion to dismiss on sovereign immunity grounds is not bound by the allegations in the complaint. See *Bonner v. Peterson*, 301 Ga. App. 443, 443 (687 SE2d 676) (2009) (contrasting a motion to dismiss for failure to state a claim under OCGA § 9-11-12(b)(6) with a motion to dismiss for lack of subject matter jurisdiction under OCGA § 9-11-12(b)(1)). On the contrary, the court may consider evidence and make factual findings relating to

sovereign immunity. See *Dep't of Pub. Safety*, 343 Ga. App. at 23-24; *Bonner*, 301 Ga. App. at 443.

That is exactly what the trial court did here. In resolving the motion to dismiss, the court found that all police vehicles involved in the incident giving rise to plaintiffs' claims were owned by the *City*, not the County, rendering the sovereign immunity waiver in OCGA § 36-92-2(a)(3) inapplicable to the County. See OCGA § 36-92-1(2) (for purposes of the waiver, a "covered motor vehicle" is one owned, leased, or rented by the local government entity at issue). At least some evidence supports this conclusion. A captain with the SCMPD testified by affidavit that "no officers, agents, employees or vehicles representing . . . Chatham County[] were involved in the March 9, 2016 Felder incident." The director of the County's Risk Management Department, which maintained an inventory of all County-owned vehicles assigned to the SCMPD, similarly averred that "[n]one of the vehicles involved in the incident alleged in [plaintiffs'] complaint were owned or operated by Chatham County." The record further shows that SCMPD officers, including those assigned to UNIT, were employed by the City. And although the County operated its own drug task force

(CNT), the County presented evidence that CNT officers and vehicles did not take part in the March 9, 2016 undercover operation or the pursuit of Felder.

This evidence supports the trial court's determination that County-owned vehicles were not involved in Vaughn's death. Plaintiffs' reliance on the 2016 intergovernmental agreement — which they insist establishes a joint venture as to all police activities — is unavailing. Rather than demonstrating County ownership of the vehicles, the agreement makes clear that SCMPD police vehicles were not jointly owned; they were owned by the government entity (the City or the County) that purchased them, and nothing in the agreement establishes a rental relationship between the parties.[3]

Simply put, the trial court was authorized to find that the County did not own, lease, or rent any of the police vehicles at issue here. Under the plain terms of OCGA

---

[3] Plaintiffs cite *Ayers v. Ass'n of County Comm'rs of Ga.-Interlocal Risk Mgmt. Agency*, 332 Ga. App. 230 (771 SE2d 743) (2015), to support their claim that the County's decision to enter the intergovernmental agreement necessarily establishes a sovereign immunity waiver with respect to SCMPD vehicles. The *Ayers* decision, however, does not address sovereign immunity or the waiver in OCGA § 36-92-2. And we recently found sovereign immunity applicable in another case involving an intergovernmental agreement. See *Montgomery County v. Rountree*, 374 Ga. App. 551 (913 SE2d 415) (2025). Without more, the mere fact that the County executed the agreement with the City does not establish an immunity waiver. See id. at 553-554 (1).

§§ 36-92-1 and 36-92-2(a)(3), therefore, these vehicles were not "covered motor vehicles" with respect to the County. See *Montgomery County v. Rountree*, 374 Ga. App. 551, 553-54(1) (913 SE2d 415) (2025) (ambulance not a "covered motor vehicle" with respect to the county where plaintiff failed to show that the county owned or leased the ambulance). Accordingly, because plaintiffs have not demonstrated that the County waived sovereign immunity as to their claims, the trial court properly granted the County's motion to dismiss. See id. at 554 (1) (trial court erred in denying county's motion to dismiss where plaintiff failed to establish that "ambulance involved in the collision is a 'covered' motor vehicle" under OCGA § 36-92-2(a)(3)).

*Judgment affirmed. Brown, C. J., and Barnes, P. J., concur.*